# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ORTHO SOLUTIONS, LC D/B/A DYNAFLEX,  Plaintiff, -against- ERIC SANCHEZ,  Defendant. | Case No. 4:19-cv-01307-HEA |

## SUGGESTIONS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND/OR TRANSFER VENUE

Defendant Eric Sanchez ("Sanchez") respectfully submits these Suggestions in Support of his Motion to Dismiss and/or Transfer this action to the United States District Court for the Central District of California (i) pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), for improper venue; (ii) pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process; or in the alternative, (iii) pursuant to 28 U.S.C. § 1404(a).

## INTRODUCTION

This dispute concerns Defendant Eric Sanchez, a former employee of Plaintiff, who lives and works in California.  Plaintiff Ortho Solutions d/b/a/ DynaFlex ("DynaFlex") sued Sanchez herein based upon an agreement, the Non-Competition and Confidentiality Agreement (the "Agreement"), which lacks a "choice of forum" clause.  DynaFlex filed suit in Missouri, where venue is plainly improper, in what appears to be an effort to maximize the burden and inconvenience to Sanchez.  Sanchez is not alleged to have committed any wrong in Missouri that could conceivably give rise to this action.  Significantly, the Agreement does not designate a choice of forum for disputes, and the provisions of 28 U.S.C. § 1391 govern.

Moreover, even were venue proper here, the convenience of the parties and witnesses and the interest of justice would still warrant transferring this action to the district where the operative events occurred. Accordingly, the action should be dismissed and/or transferred to the United States District Court for the Central District of California, Southern Division.

## FACTS

Defendant respectfully refers to Sanchez's Opposition to Plaintiff's Request for a Temporary Restraining Order and Preliminary Injunction, filed herewith (the "TRO Opposition"), together with the Declaration of Eric Sanchez (hereinafter the "Sanchez Decl.") for the relevant facts.

## ARGUMENT

### I.    THIS ACTION SHOULD BE DISMISSED FOR IMPROPER VENUE

Pursuant to 28 U.S.C. § 1391, venue in a federal judicial district is proper only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which *a substantial part of the events or omissions giving rise to the claim occurred*, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b) (emphasis added).

Sanchez is the only defendant in this matter and he resides in California. *See* Sanchez Decl., ¶ 5. Virtually all of the events giving rise to this action occurred in the Central District of California. *Id.*, ¶ 6. Therefore, pursuant to 28 U.S.C. § 1391(a) and (b), the action could have been brought in the Central District of California. For venue in this district to be proper, DynaFlex must satisfy 28 U.S.C. § 1391(b)(2) – and it cannot.

"In reviewing a motion under § 1391([b])(2), the Court should focus on the relevant alleged wrongful activities of the defendant, not on the activities of the plaintiff or the lawful conduct of either party." *Schlafly v. Eagle Forum*, No. 4:17-CV-00283-JAR, 2017 WL 3996224, at *5 (E.D. Mo. Sept. 7, 2017) (citing *Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir. 1995)).  Here, Sanchez's alleged wrongful activity was working for Henry Schein, which occurred in California, as DynaFlex's cease-and-desist letter to Sanchez makes crystal clear.  *See* ECF No. 1-8 ("[I]t has been discovered. . .that you are in material violation of your Agreement with DynaFlex by working for a direct competitor, Henry Schein.").

Indeed, all of the events giving rise to DynaFlex's claims occurred in California, not Missouri.  As DynaFlex acknowledges, Sanchez was employed as a sales representative in California.  Compl. ¶ 11 ("Sanchez's territory was in California, specifically from Santa Barbara to San Diego and everything in between.").  As such, his interactions with customers occurred "within his territory."  Compl. ¶ 13; Sanchez Decl., ¶ 3.  DynaFlex complains that Sanchez thereafter began working for Henry Schein in California.  Compl. ¶ 25 ("A DynaFlex employee observed Sanchez working the Henry Schein booth at the American Association of Orthodontists ("AAO") Conference held in Los Angeles, California."); Sanchez Decl., ¶ 22.  Even if DynaFlex's allegations that Sanchez violated the Agreement were either sufficient or true, any such violation would have occurred *in California.*

DynaFlex appears to allege that the events giving rise to this action occurred in Missouri because "Sanchez accepted the contract and transacted business" here. *See* Compl. ¶ 7.[1] Sanchez's *execution* of the Agreement in Missouri, however, is indisputably "lawful conduct" and is not what gives rise to this action. *See Schafly*, 2017 WL 3996224 at *5. Rather, the allegation is that he violated the Agreement elsewhere -- in California. In *Schafly*, the plaintiff brought suit in Missouri against an Illinois corporation, which argued that venue was improper merely because Illinois was more convenient. *Id.* But the Court found that venue was proper in Missouri, because "the single most substantial event giving rise to Plaintiff's claim occurred in this district," namely a board meeting called for the purpose of removing the plaintiff as a director. *Id; see also, e.g., Caranchini v. Peck*, No. 4:19-CV-00030-DGK, 2019 WL 1325927, at *3 (W.D. Mo. Mar. 25, 2019) ("Caranchini claims the main conduct of Mr. Peck was simply terminating the relationship, which occurred in Missouri. . .Thus, a substantial part of the events giving rise to Plaintiff's claim occurred in Missouri."). Here, even if the Agreement's execution were relevant to the venue determination, it is not "the main event," *see Schafly*, 2017 WL 3996224 at *5, which can only be reasonably characterized as Sanchez's alleged breach of the Agreement in California. *Id.*

As the Eighth Circuit has made clear, the venue statute "protects defendants," and Congress did not intend to base venue on the location of the plaintiff's activities. *See Woodke*, 70 F.3d at 985; *accord Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003). In *Woodke*, the plaintiff sued the defendant for trademark infringement in the state of the plaintiff's residency,

---

[1] There is no factual allegation in the complaint that Sanchez "transacted business" in Missouri and that such gave rise to the present action. There are only conclusory allegations of such. The allegations concerning Missouri were that Sanchez, when he was hired in 2016, signed the Agreement in Missouri, and then attended training in Missouri, and reported to a superior based in Missouri. *See* Pl. Mem. at 7. Though such contacts may relate to whether the Court has personal jurisdiction over Sanchez, they do not give rise to the claims brought in this action; they are not the "alleged wrongful activities of the defendant" that are relevant in determining venue. *See Schlafly,* 2017 WL 3996224, at *5.

4

arguing that (i) the products were manufactured there and (ii) the relevant contract was executed there. *Id.* The Court dispensed with these arguments, however, affirming dismissal of the case for lack of venue: "These activities [] have an insubstantial connection with the kinds of events that give rise to a claim. It is true that manufacturing the trailers was a necessary event, in a casual sense, to an attempt to pass them off, but we do not think that it is an event giving rise to [plaintiff's] claim because it was not itself wrongful." *Id.* at 985-86. The same is true here with respect to Sanchez signing the contract and attending corporate training in Missouri.

Echoing that analysis, the Court in *Jenkins Brick* considered where a "substantial part" of the events or omissions arose giving rise to an employer's claim under a non-compete agreement. 321 F.3d at 1372-73. The Court deemed the "*most important*[]" fact of its analysis that "the contract was breached when the [employee] failed to. . .refrain from competing, [which was] conduct that occurred only in Georgia." *Id.* at 1372 (emphasis added).

Numerous other courts distinguish between minimum contacts analysis for personal jurisdiction purposes, and the "events or omissions" analysis appropriate to determining venue under § 1391(b)(2) – which DynaFlex fails to do – and have found that venue is not proper merely where a contract was executed. *See, e.g., TJF Assocs., LLC. v. Kenneth J. Rotman & Allianex, LLC.,* No. CIV.A. 05-705, 2005 WL 1458753, at *7 (E.D. Pa. June 17, 2005) ("All of plaintiff's claims [including] misappropriation of trade secrets. . .arise directly out of wrongful disclosures that are alleged to have occurred in California. Even though the Agreement was negotiated [in Pennsylvania], those contacts, which relate exclusively to the formation of the Agreement, are both logistically and conceptually distinct from the circumstances relating to the alleged breach of the Agreement."); *Hartford Cas. Ins. Co. v. Sany Am., Inc*., 991 F. Supp. 2d 1303, 1306 (N.D. Ga. 2014) ("Plaintiffs' declaratory-judgment claim arises from insurance policies issued and delivered

5

in Georgia. . .[but] this alone is not enough to lay venue in this district. Thus, the Court looks at the nature of Plaintiffs' claim to determine what and where [Defendant] allegedly did wrong.").

DynaFlex also alleges that venue is proper because "threatened harm has occurred and will continue to occur here if Sanchez is not enjoined." *See* Compl. ¶ 7. Tellingly, as detailed in Sanchez's TRO Opposition, DynaFlex cannot sufficiently allege *actual* injury – because there is none. Even assuming DynaFlex ultimately felt injury at its Missouri headquarters, under the great weight of applicable legal authority, an attenuated downstream injury cannot be a substantial "event" giving rise to the claim, especially where, as here, the alleged violations occurred in another state. *See Buckeye Int'l, Inc. v. Unisource Worldwide, Inc.*, No. 4:07CV1747SNL, 2007 WL 4178615, at *4 (E.D. Mo. Nov. 19, 2007) (holding that where the alleged breach of a non-compete occurred in Georgia, "the conduct giving rise to this lawsuit originated in Georgia. . .[and] to the extent that any damage arose, it arose in Georgia"); *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) (noting that the substantiality requirement of § 1391(b)(2) requires consideration of the defendants' "acts or omissions" that "have a close nexus to the wrong").[2]

In the context of defamation and other non-physical acts, courts have determined that venue is proper where an injured party resides, but this is not such a case, as "the harm from an online defamatory statement can occur in any place where the website or forum is viewed [and thus] no one forum should be expected to stand out as a particularly strong candidate for venue." *Wieland v. John Rigby & Co. [Gunmakers],* No. 4:09CV2100 JCH, 2010 WL 1528527, at *1 (E.D. Mo.

---

[2] *See also Woodke*, 70 F.3d at 985 (where the general venue statute applied because the Lanham Act lacked a special venue provision, the Eighth Circuit stated that "while damages or potential adverse economic effect are a necessary part of a Lanham Act claim, if Congress had wanted to lay venue where plaintiff was residing where he was injured, it could have said so expressly."). Similarly, actual or potential damages are a necessary part of DynaFlex's DTSA and other claims – and indeed *any* plaintiff's claim – yet Congress chose not to lay venue where plaintiff is located or where a plaintiff's injury may occur. *See* 28 U.S.C. 1391(b).

Apr. 15, 2010) (internal citation omitted).  Moreover, "defamation produces a special kind of injury that has its principal effect among one's friends, acquaintances, neighbors and business associates *in the place of one's residence*".  *Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618, 622 (8th Cir. 2004) (emphasis added).

Here, by contrast, DynaFlex alleges that Sanchez breached the Agreement in California and that DynaFlex might therefore lose customers in California.  Accordingly, the events giving rise to the claims ***did not*** occur in the Eastern District of Missouri, and the action should be dismissed or transferred pursuant to FRCP 12(b)(3) and 28 U.S.C. § 1406(a).

## II.     THIS ACTION SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS.

"Service of process refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." *Banks v. Slay*, 196 F. Supp. 3d 1021, 1029 (E.D. Mo. 2016), aff'd, 875 F.3d 876 (8th Cir. 2017) (internal citation omitted).  Where service is improper, courts lack jurisdiction.  *Id.* (citing *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993)).  Under Federal Rule of Civil Procedure 4(e), there are three ways to serve an individual defendant: "(1) pursuant to [Missouri law]; (2) by personal service to the individual, the individual's dwelling [with someone of suitable age and discretion who resides there], or authorized agent; or (3) waiver."  *LNV Corp. v. Robb*, 843 F. Supp. 2d 1002, 1003-04 (W.D. Mo. 2012).[3]  Separately, "unless service is waived, proof of service must be made to the court."  Fed. R. Civ. P. 4(l)(1).

---

[3] Missouri Supreme Court Rule 54.13(b)(1) is nearly identical to Fed. R. Civ. P. 4(e)(2), and provides that service is proper on an individual "by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process."

7

Sanchez was not properly served, as the Summons and Complaint were not delivered to him personally, to someone who lives in his dwelling, or an authorized agent. The documents were rather dropped off at his apartment's leasing office. *See* Sanchez Decl., ¶ 24. Significantly, there is no record on the docket that service was effectuated *at all*, much less validly made. Rather than any proof of service, Plaintiff filed only a "Notice of Intent to Use Process Server." *See* ECF Doc. No. 4. As service was not validly made and there is no proof of it, this action should separately be dismissed under Rule 12(b)(5).

### III.  ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1406(a) OR 1404(a)

Under 28 U.S.C. § 1406(a), despite the improper venue in this district, this Court still has power to transfer this action to the Central District of California, rather than dismissing the case.

Even were the Court to determine that venue is proper in this district, pursuant to 28 U.S.C. § 1404(a), the action may be transferred to any other jurisdiction where (1) the case might have been brought if (2) the transfer serves "the convenience of the parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a).[4]

The first prong of the transfer statutes is satisfied because DynaFlex could have brought this action in the Central District of California (Southern Division), as that is the district where Sanchez resides. *See* 28 U.S.C. § 1391(b)(1). As to the second prong of § 1404(a), the Eighth Circuit has stated the district court may consider, among other factors:

> (1) the convenience of the parties, (2) the convenience of the witnesses . . . , (3) the accessibility to records and documents, (4) the location where the conduct

---

[4] As the Eighth Circuit has explained, "a case may be transferred under § 1404(a) only when venue is proper in the transferor *and* transferee forums." *Steen v. Murray*, 770 F.3d 698, 701 (8th Cir. 2014). Sanchez maintains that dismissal or transfer is warranted under § 1406(a), which in contrast to § 1404(a) "provides for transfer in which venue is wrongly or improperly laid". *See Shadow Ridge*, 2015 WL 300389, at *5 (internal citation omitted). Even if the Court determines that venue is proper in Missouri, however, the case should still be transferred under § 1404(a).

> complained of occurred, and (5) the applicability of each forum state's substantive law; [and under the interest of justice category,] (6) judicial economy, (7) plaintiff's choice of forum, (8) comparative costs. . .[and (9)] conflict of law issues.

*Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). Courts should also "weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (citation omitted). The decision to transfer under 1404(a) is left to the discretion of the trial court. *Terra Int'l*, 119 F.3d at 697.

### A. The Convenience of the Parties and Witnesses Militates in Favor of Transfer.

Requiring Sanchez to litigate this dispute in Missouri would pose a substantial and unnecessary burden on him. *See* Sanchez Decl., ¶ 20. His only connection to the state is having traveled here to attend training and go to two DynaFlex Christmas parties. *Id.*, ¶¶ 4-7. As such, he would "incur substantial costs for travel and loss of employee time if forced to defend this action in Missouri in light of [his] limited contacts with the district and the substantial relationship of this action to [his] activities. . .in [California]." *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 876 (E.D. Mo. 2000). Although DynaFlex is based in Missouri, it is a sophisticated corporation with comparably greater financial resources than Sanchez, and it specifically transacts business in California. *See Buckeye Int'l, Inc. v. Unisource Worldwide, Inc.*, No. 4:07CV1747SNL, 2007 WL 4178615, at *3 (E.D. Mo. Nov. 19, 2007) (noting in the convenience analysis that "plaintiff evidently has a significant enterprise in Georgia that it is very anxious to protect"). On balance, it is thus far more inconvenient for Sanchez to litigate here than for DynaFlex to do so in California.

Separately, the (in)convenience to non-parties has been deemed a "primary, if not [the] most important factor" in the 1404(a) analysis. *Fluid Control Prod., Inc. v. Aeromotive, Inc.*, No. 4:09-CV-1667 CAS, 2011 WL 620115, at *3 (E.D. Mo. Feb. 11, 2011). Here, "[t]he majority of.

9

. .non-party witnesses crucial to the events significant to the alleged breach of the Non-Compete Agreement are all located in [California]." *See Buckeye Int'l, Inc.,* No. 4:07CV1747SNL, 2007 WL 4178615, at *3 (E.D. Mo. Nov. 19, 2007); *Fluid Control Prod., Inc.*, 2011 WL 620115, at *3 (E.D. Mo. Feb. 11, 2011) (noting that non-parties "may be unwilling to testify and may not be compelled to do so if they reside more than 100 miles from the court at which the trial is held."). It would be particularly disruptive and inconvenient to require these non-parties to participate in litigation in Missouri, and their availability here is altogether uncertain.

Accordingly, under items (1), (2) and (3) of the *Terra Int'l* factors, if Section 1404(a) is applicable, transfer is warranted.

### B. The Complained-Of Conduct Occurred in California.

As discussed *supra*, the locus of operative facts is in the Central District of California according to DynaFlex's own allegations. *See* Compl. ¶ 27. In *Buckeye*, the plaintiff similarly alleged that the employee violated a non-compete agreement in another state, "utili[zing] proprietary customer and business information to continue seeing [Plaintiff's] customers for the benefit of [his] new employer." 2007 WL 4178615 at *3. The Court concluded that both the relevant conduct and damage, if any, occurred in Georgia and venue was therefore appropriate there under 28 U.S.C. § 1404(a). *Id.* This case presents the same scenario warranting transfer to California, under factor (4) of the *Terra Int'l* analysis.

### C. Conflict-of-Law Rules Favor Application of California Law.[5]

The employment agreement between DynaFlex and Sanchez contains a Missouri choice-of-law clause. Doc. 1-3. However, California law would apply to this dispute in the absence of

---

[5] The choice of law analysis is included herein only in connection with the analysis of 28 U.S.C. § 1404(a). Sanchez submits that venue in this Court is improper, and that dismissal pursuant to Rule 12, or transfer pursuant to 28 U.S.C. § 1406 is warranted, in which case, the choice of law analysis need not be addressed.

the contractual choice-of-law clause – a fact that buttresses the grounds for transferring venue to California under § 1404(a).

Where an agreement contains a choice-of-law provision[6], Missouri courts apply Section 187 of the Restatement (Second) of Conflict of Laws "in its entirety." *Baxter Int'l, Inc. v. Morris*, 976 F.2d 1189, 1196 (8th Cir. 1992).[7] Section 187 provides in relevant part:

> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless. . .
>
> > (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

*Id.* In undertaking the analysis under § 187(2)(b), a court first decides which state's law would apply under § 188, absent an effective choice of law. *Id.* Next, it decides whether the default state has a materially greater interest than the chosen state in the issue's outcome. *Id.* Finally, it decides whether applying the chosen state's law would be contrary to a fundamental policy of the default state. *Id.*

### 1. California Law Would Apply Absent a Choice-of-Law Provision.

Under § 188, courts consider five factors: (1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter; and (5) the residence, domicile, place of incorporation, or place of business of the respective parties.

---

[6] As previously noted, the Agreement contains a choice-of-law clause but does not contain a forum selection clause.

[7] Section 187(1) provides that the choice-of-law provision will be applied "if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue." *Id.* Restatement § 187(1) does not apply to non-competition agreements, however, because, as the Eighth Circuit held in *Baxter, supra,* "…the parties could not have provided for the enforceability of the noncompete covenant," which is an issue to be decided by the courts. *Baxter Int'l, Inc,* 976 F.2d at 1196; *Sbemco Int'l, Inc. v. Van Steenhuyse*, No. 4:06-CV-00197, 2006 WL 8436996, at *3 (S.D. Iowa June 30, 2006).

Restatement § 188. "[T]he third and fourth factors. . .are key to this analysis because determining which state's law applies under Restatement section 188 is not only a quantitative analysis but is a qualitative analysis." *Sbemco Int'l, Inc. v. Van Steenhuyse*, No. 4:06-CV-00197, 2006 WL 8436996, at *5 (S.D. Iowa June 30, 2006).

In *Van Steenhuyse*, a non-compete case in which the contract designated Iowa but customers were solicited in Illinois, the Court concluded that the place of performance factor weighed heavily in favor of Illinois because "the most important performance under the contract" occurred where customers were sought. *Id.* ("The relationship established in the [] employment contract. . .is that of salesperson and employer. The focus of the contract is not the production and distribution of the mats, but the sale of the mats, primarily to customers in Chicago."). The Court similarly found that the fourth factor favored Illinois because "the comments to Restatement Section 188 instruct that the subject matter of a contract providing protection against the dishonesty of an employee who has a fixed place of employment is located in the place *where the risk is located*," which is "where the customer base is located." *Id.* (citing *Pro Edge L.P. v. Gue*, 374 F. Supp. 2d 716, 738-39 (N.D. Iowa 2005)). Here, California law would also apply under the "combined quantitative and qualitative analysis" applied in *Van Steenhuyse*.

### 2. California Has a Materially Greater Interest in the Outcome of This Dispute.

California has a greater interest in preventing Sanchez from being subjected to the Agreement's restrictive covenant than Missouri has in protecting DynaFlex from competition. In *Baxter*, although the district court determined that California's interest superseded Illinois' because the employment was performed in California, it rejected that California had a materially greater interest in the dispute because the employee "no longer live[d] in California," and California lacked a compelling interest in protecting someone who left the state. *Baxter*, 976 F.2d

at 1197. As the *Van Steenhuyse* Court held with respect to the employee performing in Illinois, Sanchez still lives and works in California, which "retains its powerful interest in protecting [him] from the shackles of his noncompete covenant." 2006 WL 8436996, at *6. Moreover, the "place of performance factor and the subject matter of the contract factor [from Section 188] again weigh heavily in the analysis," tilting the balance toward California. *See id.*

### 3. Applying Missouri Law Would Contravene California's Public Policy.

A state's "hostility to overly broad or unreasonable restrictive covenants constitutes a fundamental policy of its law." *Id.* at *8. Here, California's fundamental policy in opposition to non-competes is manifest in state statute, which provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void.". Cal. Bus. & Prof. Code § 16600 (West); *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 946, 189 P.3d 285, 291 (2008) (California "courts have consistently affirmed that section 16600 evinces a settled legislative policy in favor of open competition and employee mobility").

By contrast, though Sanchez does not concede that Missouri law permits the restrictive covenants in dispute, Missouri is more lenient towards enforcement of non-competes, as "Missouri courts generally enforce a non-compete agreement if it is demonstrably reasonable." *Whelan Sec. Co. v. Kennebrew*, 379 S.W.3d 835, 841 (Mo. banc 2012). Applying Missouri law, "which is [more] tolerant of such restrictions, would [thus] violate this fundamental policy." *See Van Steenhuyse*, 2006 WL 8436996, at *8. Accordingly, as the third factor – and indeed all three factors – of Restatement Section 187(2)(b) are met, California law would apply, buttressing the grounds for transferring venue under § 1404(a).

### D. DynaFlex's Choice of Forum Should be Given Little Weight.

While Courts typically give deference to a plaintiff's choice of forum, that choice is "granted less deference when, as is the case here," other factors weigh heavily in favor of transfer,

13

including where "operative events took place in another forum." *Shaffer v. Rees Masilionis Turley Architecture, LLC*, No. 4:14-CV-965 CEJ, 2014 WL 5320266, at *2 (E.D. Mo. Oct. 17, 2014). DynaFlex's choice of forum should also be afforded less weight given the conspicuous absence of a forum selection clause in the Agreement.  Indeed, if the parties had intended Missouri to be the forum for disputes, the Agreement would have said so.

Moreover, the choice-of-law provision is no obstacle to transfer, as courts routinely transfer cases where a contract designates the transferor district as the choice of law—even assuming Missouri law applies here, which Sanchez does not concede.  *See Buckeye Int'l*, 2007 WL 4178615, at *6 (transferring case notwithstanding that "the Non-Compete Agreement has a choice-of-law provision for Missouri law); *Critzas Indus., Inc. v. Waterway-Creve Coeur, Inc.*, 652 F. Supp. 56, 61 (E.D. Mo. 1986) ("A California federal district court can accurately apply Missouri law in the event it decides that as to certain acts and occurrences Missouri law controls.").

## **CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss and/or Transfer Venue should be granted.  This case should be dismissed outright or transferred to the United States District Court for the Central District of California.

Dated: May 28, 2019                          Respectfully submitted,

                                             **DOWD BENNETT LLP**

                                             By: /s/ *John D. Comerford*          .
                                             John D. Comerford, MO #60164
                                             7733 Forsyth Blvd., Suite 1900
                                             St. Louis, MO 63105
                                             Telephone: (314) 889-7300
                                             Facsimile: (314) 863-2111
                                             jcomerford@dowdbennett.com

                                             *Attorneys for Defendant Eric Sanchez*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2019, the foregoing document was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

                                              /s/ *John D. Comerford*